COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



| | | |
|---|---|---|
| DONALD LYNN GOODWIN, | § | No. 08-23-00092-CR |
| Appellant, | § | Appeal from the |
| v. | § | 266th Judicial District Court |
| THE STATE OF TEXAS, | § | of Erath County, Texas |
| Appellee. | § | (TC#22CRDC-00005) |

## MEMORANDUM OPINION[1]

Appellant Donald Lynn Goodwin entered an open plea of guilty to two counts of aggravated assault with a deadly weapon, enhanced. The trial court found him guilty and assessed punishment at 40 years imprisonment, as to each count, with sentences running concurrently. In a single issue, Goodwin claims he received ineffective assistance of counsel. We affirm.

## BACKGROUND

Goodwin was originally indicted on three counts of aggravated assault with a deadly weapon. The State alleged that, while he was recklessly fleeing law enforcement, Goodwin caused bodily injury to three individuals by striking the motor vehicle they occupied with the motor vehicle he operated. After waiving his right to a jury trial as to guilt and punishment, Goodwin

---

[1] This case was transferred from the Eastland Court of Appeals pursuant to the Texas Supreme Court's docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001. We follow the precedent of that court to the extent it might conflict with our own. *See* TEX. R. APP. P. 41.3.

entered an open plea of guilty to two counts of aggravated assault with a deadly weapon.[2] He additionally entered a plea of true to enhancement allegations of a prior conviction of evading arrest or detention with a vehicle. Goodwin elected to have his punishment assessed by the trial court and the trial court held a hearing on punishment. On March 21, 2023, the trial court entered a judgment of conviction sentencing Goodwin to 40 years confinement for each count, and with sentences running concurrently.

On March 22, Goodwin filed a motion for new trial asserting "[t]he [c]ourt's verdict is contrary to the law and evidence." With this Court, Goodwin also filed his notice of appeal. That same day, the trial court entered an order denying his motion for new trial. On March 31, Goodwin filed a purported amended motion for new trial asserting ineffective assistance of counsel at the plea-bargaining phase, asserting his counsel had failed to timely convey to the State his acceptance of its plea offer of 15 years. Though Goodwin attached his own affidavit in support of his motion, he did not provide an affidavit from his trial counsel. No hearing was held on the motion.

### INEFFECTIVE ASSISTANCE OF COUNSEL

In his sole point of error, Goodwin asserts he did not receive effective assistance from counsel at the plea-bargaining stage of his felony criminal case. Specifically, he contends his trial counsel failed to communicate to the State that he had accepted its offer of a plea bargain before the State later withdrew it.

#### A. Second motion for new trial

As a preliminary matter, we determine whether we can consider the arguments made in Goodwin's purported amended motion for new trial. The Court of Criminal Appeals has held that "if an original motion for new trial is overruled, a defendant may file an amended motion for new

---

[2] Although Goodwin was charged with three counts of aggravated assault with a deadly weapon, the State only proceeded on counts two and three and dismissed count one of the charging instrument.

trial within the original 30-day period—so long as the trial court grants him leave of court to do so." *Rubio v. State*, 638 S.W.3d 693, 703 (Tex. Crim. App. 2022). Here, the record does not indicate Goodwin received leave of court to file the purported amended motion for new trial after his first motion was overruled.

For this reason, we disregard the arguments within the second motion for new trial. *Cf. Fragoso v. State*, No. 08-22-00182-CR, 2023 WL 4295855, at *6 n.2 (Tex. App.—El Paso June 30, 2023, pet. ref'd) (mem. op.) (disregarding arguments in amended motion for new trial when it was not filed within 30 days of the imposition of sentence).

## B. Standard of review and applicable law

An ineffective assistance of counsel claim may be raised for the first time on appeal. *Robinson v. State*, 16 S.W.3d 808, 810 (Tex. Crim. App. 2000). To successfully assert such a claim, appellant must show that (1) trial counsel's performance was "deficient because it fell below an objective standard of reasonableness;" and (2) "a probability sufficient to undermine confidence in the outcome existed that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Rylander v. State*, 101 S.W.3d 107, 109-10 (Tex. Crim. App. 2003) (en banc) (citing *Strickland v. Washington*, 466 U.S. 668 (1984)). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *See Strickland*, 466 U.S. at 694.

"The review of defense counsel's representation is highly deferential and presumes that counsel's actions fell within a wide range of reasonable professional assistance." *Mallett v. State*, 65 S.W.3d 59, 63 (Tex. Crim. App. 2001). On direct appeal, "[a] substantial risk of failure accompanies an appellant's claim of ineffective assistance of counsel." *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). "[C]ounsel's deficiency must be affirmatively demonstrated in the trial record." *Lopez v. State*, 343 S.W.3d 137, 142 (Tex. Crim. App. 2011). Yet, "the record on direct appeal is in almost all cases inadequate to show that counsel's conduct

fell below an objectively reasonable standard of performance and . . . the better course is to pursue the claim in habeas proceedings." *Andrews v. State*, 159 S.W.3d 98, 102 (Tex. Crim. App. 2005). The only exception is when counsel's conduct "was so outrageous that no competent attorney would have engaged in it." *Id.* at 101.

### C. Analysis

Because Goodwin failed to seek leave of the trial court before he filed his amended motion for new trial, we must disregard that procedural vehicle. Instead, Goodwin raised his ineffective assistance claim for the first time on appeal. The record here establishes that Goodwin attached his own affidavit to his new trial motion wherein he claimed the State had offered him a sentence of 15 years confinement in exchange for his plea of guilty. He asserts he accepted the offer on December 28, 2022, but his trial counsel failed to communicate his purported acceptance to the State. He claims the State then withdrew the offer and he proceeded to plead guilty to the two counts as charged by the indictment and elected to have the trial court assess his sentence. Goodwin asserts he established that he accepted the State's offer before it was withdrawn. Therefore, Goodwin argues his trial counsel's conduct was deficient.

Based on the procedural posture of this case, neither Goodwin's claim nor his affidavit was first presented to the trial court. Nor was his trial counsel given an opportunity to contest or contextualize his allegations. A "trial counsel should ordinarily be afforded an opportunity to explain his actions before denounced as ineffective." *Rylander*, 101 S.W.3d at 111. For this reason, Goodwin's proposed claim of ineffective assistance of counsel does not present meritorious grounds for appeal. *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005) (holding absent trial counsel's opportunity to explain his actions, deficient performance will not be found "unless the challenged conduct is so outrageous that no competent attorney would have engaged in it").

4

Moreover, Goodwin's contention fails to satisfy the prejudice prong of the *Strickland* test. To establish prejudice in a claim of ineffective assistance of counsel in which a defendant is not made aware of a plea-bargain offer, or rejects a plea-bargain because of bad legal advice, the defendant must show a reasonable probability that: (1) he would have accepted the offer if counsel had not given ineffective assistance; (2) the prosecution would not have withdrawn the offer; and (3) the trial court would not have refused to accept the plea bargain. *Ex parte Argent*, 393 S.W.3d 781, 784 (Tex. Crim. App. 2013). Here, even if counsel failed to timely inform the State of Goodwin's acceptance of the plea offer, the record does not show and Goodwin has not established, the State would not have withdrawn the offer, or that the trial court would not have refused to accept the plea agreement. *Id*. On the record before us, we cannot conclude Goodwin has established that, but for his trial counsel's actions, there is a reasonable probability that the result of the proceeding would have been different. *See Rylander*, 101 S.W.3d at 109-10.

We overrule Goodwin's sole issue.

## CONCLUSION

We affirm the trial court's judgment and sentence.


GINA M. PALAFOX, Justice

December 21, 2023

Before Alley, C.J., Palafox, and Soto, JJ.

(Do Not Publish)